UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NEW CITY AUTO GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:20 CV 377-PPS |
| | ) |
| O'ROURKE & MOODY LLP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is Defendants' O'Rourke & Moody LLP and Michael N. Moody's Motion to Withdraw the Reference. [DE 1.]

Plaintiff, New City Auto Group, Inc., initiated this adversary proceeding in bankruptcy court on March 25, 2020 to recover money based on various claims including negligence, unjust enrichment, conversion, and for the recovery of unauthorized post-petition transfers.  As part of the adversary complaint, Plaintiff demanded a trial by jury. [Bankruptcy Case No. 18-21890-JRA; Adversary Case No. 20-02024, DE 4 at 13.]  On September 18, 2020, Defendants O'Rourke & Moody, LLP and Michael Moody filed their answer to the complaint, along with a document titled: "Defendants' Motion to Withdraw the Reference." [Adversary Case No. 20-02024, DE 26; see also DE 1 in this case.]  In that motion, O'Rourke & Moody and Michael Moody ask this Court to issue an order withdrawing the reference of the adversary proceeding to the United States Bankruptcy Court to the Northern District of Indiana, so the adversary proceeding could be fully litigated in the appropriate district. The

bankruptcy record reflects that no objection or other response to the motion to withdraw reference has been filed within the time required by Northern District of Indiana Local Rules 200-1(b)(1)(B) and 7-1(d).  Pursuant to Local Rule 200-1(b)(1)(C), the bankruptcy judge submitted an amended recommendation to withdraw the reference. [DE 2.]

Under 28 U.S.C. § 157(d) the district court may withdraw a case referred to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." "In deciding whether good cause exists for withdrawal, district courts consider 'whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved.'" *Natural Chem Holdings, LLC v. United States Department of Energy (In re New Energy Corp.)*, No. 3:13-cv-205, 2013 WL 1192664, at *5 (N.D. Ind. Mar. 22, 2013) (quoting *Abrams v. DLA Piper (US) LLP*, No. 2:12-CV-19, 2012 WL 1714592, at *3 (N.D. Ind. May 15, 2012)).

As Judge Ahler noted, Plaintiff has demanded a jury trial in this case and a bankruptcy judge may only preside over a jury trial if it has been authorized and designated to do so by the district court and all parties have consented.  28 U.S.C. § 157(e).  The bankruptcy judges of this district have not been granted that authority; therefore, the only place a jury trial can occur is in the district court.  N.D. Ind. L.R. 200-

1(c)(1).

      This district's local rules require that a motion to withdraw "be filed at the same time as the demand for a jury trial." Ind. L.R. 200-1(c)(2)(A).  Otherwise, the "failure to file a timely motion to withdraw the proceeding shall constitute a waiver of any right to a trial by jury."  N.D. Ind. L.R. 200-1(c)(2)(A).  As an aside, the Seventh Circuit has questioned the propriety of this rule, albeit without invalidating it.  *See In re Consol. Indus. Corp.*, 57 F. App'x 265, 267 (7th Cir. 2003).  But more importantly, as recognized by Judge Ahler in this case, even though the Plaintiff *should* have filed a motion seeking withdrawal of the reference at the time of filing its complaint and jury demand, because the motion to withdraw has not been opposed, and because Defendants O'Rourke & Moody, LLP and Michael Moody have clearly expressed their desire to exercise their right to a jury trial [DE 1 at ¶¶ 14, 16], the motion to withdraw the reference with regard to this adversary proceeding should be granted.

      ACCORDINGLY:

      I hereby ADOPT the amended recommendation by the bankruptcy court [DE 2], GRANT Defendants' Motion to Withdraw the Reference [DE 1], and WITHDRAW the reference of this adversary proceeding.

SO ORDERED.

ENTERED: November 5, 2020.

                                /s/ Philip P. Simon
                                PHILIP P. SIMON, JUDGE
                                UNITED STATES DISTRICT COURT