UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NEW CITY AUTO GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>O'ROURKE & MOODY LLP, *et al.*, )<br>)<br>Defendants. ) | Cause No. 2:20-CV-377-PPS |

## **OPINION AND ORDER**

Plaintiff, New City Auto Group, initiated this adversary proceeding in bankruptcy court way back on March 25, 2020, to recover money based on various claims of negligence, unjust enrichment, conversion, and for the recovery of unauthorized post-petition transfers. As part of the adversary complaint, Plaintiff demanded a trial by jury. [Bankruptcy Case No. 18-21890-JRS; Adversary Case No. 20-02024, DE 4 at 13.] Defendants O'Rourke & Moody, LLP and Michael Moody filed a motion to withdraw the bankruptcy court reference, and I adopted the bankruptcy court's recommendation, withdrawing the reference of the adversary proceeding on November 5, 2020. [DE 5.] The case is essentially a professional malpractice claim relating to the advice New City received from its former counsel, O'Rourke & Moody. (For simplicity sake, I will refer to O'Rourke & Moody and Michael Moody together as simply "Moody".)

This case came on my radar earlier this year when I noticed it on my CJRA three year list. When I reviewed the docket I saw that precisely nothing had been done on the

case in more than three years. A short while later, I held a status conference on February 22, 2024. New City's counsel had a vague and rather unsatisfactory excuse for letting the underlying bankruptcy case proceed without doing anything in this adversary proceeding for years. Anyway, I gave Defendants a deadline by which to file any motions to dismiss. Moody filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing (1) New City lacks standing; (2) the malpractice claim is not viable; and (3) the action is barred by the statute of limitations. [DE 16, 17.]

## Background

As I mentioned before, New City originally brought this claim as an adversary case within its Chapter 11 reorganization proceedings. [*See* DE 17-1, Bankr. Compl.] After the withdrawal of the bankruptcy reference, this case has been pending in this court.

In summary, New City alleges its shareholders, Michael Helmstetter, Benitta Berke, and Steven Dobrofsky, created New City Auto Group, Inc., to purchase a Nissan dealership in Northwest Indiana. [DE 17-1 at 3.] New City did in fact buy a Nissan car dealership in Schereville (which was previously known as Napleton Nissan). [*Id.* at 4.] New City has sued several defendants – O'Rourke & Moody (a law firm), Michael Moody (a lawyer), Gaouette & Associates (an accounting and consulting firm), Terry Gaouette (a CPA), Crock & Associates (which provided services to Gaouette), and Amy Kokken (who provided services to Gaouette). [*Id.* at 2-3.] New City engaged the Defendants to assist in obtaining financing, including floor plan financing, for the

2

operation of the automotive dealership. [*Id.* at 6.] In an overarching manner, New City claims the Defendants breached their duties by billing for services that weren't rendered, filing documents to change New City from a corporation to a limited liability company without its consent, and opening a bank account without approval or authority.

Because the motion to dismiss was filed by Moody, I will concentrate only on the claims brought against them. Count IV of the complaint alleges that Moody billed for and received payment for services not rendered; received payment for work beyond the scope of work agreed to; failed to properly advise New City that a Chapter 11 bankruptcy proceeding should be filed to preserve its assets; failed to advise New City that Gaouette had opened a bank account and was paying bills for professional services therefrom without New City's knowledge or consent; and advised New City to close on the purchase of the dealership in Northwest Indiana without first obtaining floor plan financing. [*Id.* at 10-11.]

Going back to the bankruptcy case, Plaintiff's February 27, 2023 liquidation plan was confirmed on June 22, 2023. [Chapter 11 Case, 18-21890, at DE 545.] No bankruptcy trustee was appointed in the underlying bankruptcy; however, Barry Chatz was named the Liquidating Trustee. [*Id.,* DE 490, at 4.] As the liquidating trustee, Chatz was to act as trustee overseeing/holding the litigation claims. [*Id.,* DE 491, at 13.] The Plan provides that any proceeds from this case or any other Litigation Claim are to go towards paying Plaintiff-Debtor's creditors/claimants via Liquidated Proceeds (which include recoveries from the Litigation Claims). [*Id.,* DE 490, at 4, 7.] On March 27, 2020, the Plaintiff-Debtor

3

applied to employ its current counsel for this adversary claim, and counsel was allowed to prosecute the case for the Plaintiff-Debtor. [*Id.*, DE 306.]

## Discussion

Moody seeks dismissal under Rule 12(b)(6). [DE 16.] In order to survive a motion to dismiss under that rule, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. New City must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Finally, "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).

**I.     Standing**

Although Moody's motion is brought under Rule 12(b)(6), their first argument is based on standing, which is a motion based on a lack of jurisdiction and which is more

more accurately described as a motion under Rule 12(b)(1).  Nevertheless, when there is a facial challenge to standing (as in this case), the *Twombly-Iqbal* plausibility standard is used to evaluate the sufficiency of the complaint.  *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).  "The test for standing is a familiar one: '[a] plaintiff has standing only if he can allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Pavlock v. Holcomb*, 35 F.4th 581, 588 (7th Cir. 2022) (quoting *California v. Texas*, 141 S. Ct. 2104, 2113 (2021)).  The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

In this case, Moody argues New City lacks standing to pursue this claim, because only the Liquidating Trustee has the sole power to pursue the claim. [DE 17 at 5-7.]  In support, Moody points to the Bankruptcy Plan which specifically provides that Litigation Claims are to be prosecuted by the Liquidating Trustee for the benefit of the Liquidating Trust.  [Chapter 11 Case 18-21890, DE 491 at 20-21.] The Plan, which has already been confirmed, provides under the title "retention of claims" that "causes of action arising under chapter 5 of the Bankruptcy Code and actions to collect the Debtor's accounts receivable shall be retained, prosecuted, and enforced by the Liquidating Trustee." [*Id.* at 29.]

In response, New City claims there is a Seventh Circuit case directly on point, and establishes it is the proper party plaintiff.  In *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999), the Seventh Circuit recognized that for bankruptcies under the

5

reorganization chapters, Bankruptcy Rule 6009 applies and directs that "with or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute ay action or proceeding on behalf of the estate before any tribunal." *Id.* (quoting Fed. R. Bankr. P. 6009).  While *Cable* does indeed stand for the proposition that either the trustee or debtor in possession may prosecute claims on behalf of the estate in Chapter 11 bankruptcies, that case is simply inapplicable to this situation.  *Cable* deals with the power and standing of a bankruptcy trustee (as authorized by the rules of bankruptcy).  Recall there *is no* bankruptcy trustee in this underlying bankruptcy - there is only the Liquidating Trustee.  *See In re Total Finance Investment, Inc.*, No. 19 B 03734, 2019 WL 2432089 (N.D. Ill. June 11, 2019) (recognizing that a liquidating trustee is created under a plan, not the Bankruptcy Code, and is entirely distinct from a bankruptcy trustee and debtor in possession.").  Because the Plan, which was confirmed by the Bankruptcy Court, specifically provides that the litigation claims "shall be retained, prosecuted, and enforced by the Liquidating Trustee," it seems clear that only the Liquidating Trustee can prosecute this action.

      Moody asks that I dismiss this case in its entirety because of the failure to name the correct plaintiff.  Under the circumstances, I don't think it is appropriate to just dismiss this case (which has already been pending for so long) simply because the proper plaintiff is not named.  New City suggests that if I determine that the Liquidating Trustee is the proper party, "the result is not dismissal but substitution of the trustee in

place of the debtor-in-possession." [DE 18 at 4.] I agree. I will grant Plaintiff an opportunity to file an amended complaint, naming the Liquidating Trustee as the named plaintiff.

## II.     Malpractice Claim

Moody also claims New City cannot prove malpractice related to the failure to advise New City to file for bankruptcy. [DE 17 at 7-8.] They claim because Plaintiff did ultimately file for Chapter 11 Bankruptcy, and the Plan was approved, "Plaintiff can never prove malpractice on this allegation, and it should be dismissed with prejudice." [*Id.* at 8.]

In support of their argument, Defendants cite *Beal v. Blinn*, 9 N.E.3d 694, 700 (Ind. Ct. App. 2014) for the elements a plaintiff must show to prove legal malpractice. However, *Beal* had a different procedural posture - it was decided on a motion for summary judgment. *Beal* stated that "[t]o establish causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence." *Id.* As the Supreme Court of Indiana held, proof of causation and the harm incurred requires the client to show proof that "typically requires a trial within a trial." *Picadilly, Inc. v. Raikos*, 582 N.E.2d 338, 344 (Ind. 1991). In other words, these cases do not stand for the proposition that the plaintiff must make such a showing in the complaint.

Defendants also argue New City has not satisfied the required specificity of the pleading standards for the malpractice claim. [DE 19 at 4-6.] The complaint alleges they

7

breached their professional duties to New City by "failing to advise NCN that certain legal action should be commenced, i.e., a Chapter 11 bankruptcy proceeding in order to preserve its assets," billing for services not rendered, failing to advise New City that Gaouette opened a bank account at West Town Bank and paid bills for professional services from there without New City's consent, and advising New City to close on the purchase of the dealership in Northwest Indiana without floor plan financing in place. [DE 17-1 at 9.]

It is true the complaint does not allege anything regarding how or why Moody's alleged negligence led to New City obtaining a less favorable result in bankruptcy or otherwise incurring damages. Because New City must file an amended complaint to substitute the plaintiff, I need not decide at this time whether the allegations of malpractice are stated with sufficient specificity to comply with federal pleading standards. If an amended complaint is filed, I will evaluate that complaint. But New City would be wise to allege any malpractice claim with specificity to meet the federal plausibility standard.

### III.   Whether the Statute of Limitations Bars Plaintiff's Malpractice Claim

In Indiana, the statute of limitations for a claim of legal malpractice is two years. *See* Ind. Code § 34-11-2-4. Legal malpractice actions are subject to the "discovery rule," which provides the statute of limitations does not begin to run until such time as the plaintiff knows, or could have discovered using ordinary diligence, that he had sustained an injury as the result of the tortuous act of another. *Madlem v. Arko*, 592

N.E.2d 686, 687 (Ind. 1992). Defendants claim the alleged legal malpractice occurred no later than March 9, 2018, so the March 25, 2020 complaint is time barred.

In response, New City argues it continued to employ Moody "well after the act of malpractice was committed," and the doctrine of continuous representation makes the complaint timely. [DE 18 at 6.] "Under the continuous representation doctrine, the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003). While the statute of limitations is tolled when there is a negligent act and an ongoing professional service attached to the specific negligent act in dispute, the mere continuation of a general, professional relationship is not enough. *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 357 (Ind. Ct. App. 2006). To determine if the doctrine applies, Indiana courts look at "the matter which formed the basis of the alleged professional malpractice." *Id.* at 356 n.5. Then they see if there was an ongoing, professional relationship tied to that precise matter. The Seventh Circuit gave the following example: "if an accountant makes a mistake setting up a client's tax shelter that the IRS later deems invalid and the accountant then attempts to defend the client before the IRS concerning that alleged error, the statute of limitations is tolled during the course of the representation tied to the faulty tax shelter." *Morgan v. Fennimore*, 429 F. App'x 606, 609 (7th Cir. 2011). However, "if after the tax shelter is deemed invalid the accountants still prepare some

9

tax forms or perform a general audit every year, that wouldn't be enough to hold that the doctrine applies." *Id.*

Defendants note that the complaint was filed March 25, 2020. They then point to an affidavit submitted in the bankruptcy case by Michael Helmstetter (New City's President at the time), stating New City entered into a Franchise Agreement with Nissan North America on February 9, 2018, and then Nissan North America ran into a "dispute [that] began in March 2018, less than a month after the Franchise Agreement was executed, and arose out of the Debtor's inability to obtain necessary floorplan financing." [DE 17-2 at 2-3.] Defendants then ask the Court to infer that "less than a month" after February 9, 2018, is "indisputably prior to March 9, 2018," therefore, the complaint filed on March 25, 2020 is barred by the statute of limitations. [DE 17 at 9.] This is just *way* too speculative for the Court to go along with and bar claims at this stage of the proceedings, on a motion to dismiss, based on the statute of limitations defense. Moody signals the wishy-washiness of their time barred argument, stating in their brief that it "may well be that this claim [for malpractice] is barred" based on the applicable two year statute of limitations. [*Id.* at 10.]

First of all, this is a motion to dismiss, and the pleadings in this case do not establish exactly when New City learned about the alleged malpractice, or how long after the event occurred New City continued to employ Moody, nor do the pleadings (and attached exhibits that this Court is supposed to take judicial notice of) give me the necessary information to analyze whether the ongoing, professional relationship

10

between New City and Moody was tied to the specific acts of alleged negligence articulated in the complaint. Depending on how discovery shakes out, this might be something more appropriate for the summary judgment stage of the case, but it certainly is not a winning argument on a motion to dismiss.

## Conclusion

For all of these reasons, Defendants' Motion to Dismiss Plaintiff's Complaint [DE 16] is DENIED.

Plaintiff, New City Auto Group, Inc., is GRANTED until August 19, 2024, to file an amended complaint naming the correct Plaintiff (the Liquidating Trustee) and to add any additional allegations regarding the malpractice claim.

**SO ORDERED**.

ENTERED: July 22, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT